[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISQUALIFY COUNSEL
This is a motion to disqualify counsel from proceeding with post judgment motions in this dissolution action based upon an alleged conflict of interest.
The facts are found to be as follows: Attorneys Claudia S. Weiss and Steven H. St. Clair, who are associated in the practice of law, both recently appeared on behalf of the defendant, Jaime A. Labbe, relative to certain motions to open the judgment entered March 21, 2001 when the defendant was represented by other counsel.
In support of his motion to disqualify counsel, the plaintiff, Clifford J. Labbe, Jr., testified on September 17, 2001 that in March of 1999, he and his then wife, Jaime, engaged the services of Attorney Weiss to defend an action in a local probate court, in which the parents of his wife sought to remove her as guardian of a minor child of hers. In the course of this representation he said he saw Attorney Weiss on several occasions and disclosed to her details of his relationship with his wife to assist in the defense of the parents' claim that she was not a fit parent. He reported to her intricate details of the marriage — their fights — what transpired during counseling, he said. He further testified that a check for $1500 was given to Attorney Weiss as a retainer from a joint checking account maintained by him and his then wife. CT Page 14795
Based upon Attorney Weiss' representation of him at the time (two years ago) he seeks to disqualify her and Attorney St. Clair from representing the defendant on the ground that their appearances in this case constitute a conflict of interest under Rule 1.9 of the Rules of Professional Conduct. The plaintiff has never consented after consultation to their representation of the defendant as provided by Rule 1.9.
In disqualification cases, the court must balance three competing interests: (1) the parties' interests in protecting confidential information; (2) their interests in freely selecting counsel of their choice; and (3) the public's interest in the scrupulous administration of justice. Goldenberg v. Corporate Air, Inc., 189 Conn. 504, 507,457 A.2d 296 (1983), overruled in part on other grounds, Burger Burger, Inc. v. Murren, 202 Conn. 660, 522 A.2d 812 (1987).
Rule 1.9 of the Rules of Professional Conduct entitled "Conflict of Interest: Former Client" is applicable in the present situation. That section provides as follows:
A lawyer who has formerly represented a client in a matter shall not thereafter:
(A) Represent another person in the same or substantially related matter in which the person's interests are materially adverse to the interest of the former client unless the former client consents after consultation; or
(B) Use information relating to the representation to the disadvantage of the former client except as Rule 1.6 would permit with respect to a client or when information has become generally known.
Although disputed, the court finds the testimony of the plaintiff to be credible that Attorney Weiss represented him as well as the defendant in the probate proceeding. Also credible is his testimony that he discussed intimate details of his marriage to the defendant with Attorney Weiss.
At issue in the present motion to open, if granted, are matters involving alimony and marital assets, specifically requiring application of the criteria found in C.G.S. §§ 46b-82 and 46b-81 (c), including the cause of the breakdown. Any insight into the plaintiff's conduct because of the prior representation would give an unfair advantage to the defendant.
The court finds there is a substantial relationship between the issues CT Page 14796 presented in this case and the former case in which Attorney Weiss was involved in 1999. The receipt of confidential information that would potentially disadvantage a client may thus be presumed. Bergeron v.Mackler, 225 Conn. 391, 399 (1993).
The court finds that the plaintiff's right to the protection of confidential information outweighs the defendant's right to select counsel of her choice. Goldenberg, Id., 507.
The motion is granted as to Attorney Weiss and her associate, Attorney St. Clair.[1]
Potter, J.